Alan J. Leiman (OSB No. 980746)
LEIMAN & JOHNSON, LLC
44 W. Broadway, Suite 326
Eugene, OR  97401
alan@leimanlaw.com

Drew G. Johnson (OSB No. 114289)
LEIMAN & JOHNSON, LLC
44 W. Broadway, Suite 326
Eugene, OR  97401
drew@leimanlaw.com

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF OREGON
## PORTLAND DIVISION

| | |
|---|---|
| **SHAWNA BELL,** individually and on behalf of all others similarly situated, | **CASE NO**.:  3:15-cv-00941 |
| Plaintiff,<br><br>v.<br><br>**CONSUMER CELLULAR, INCORPORATED,** an Oregon Domestic Business Corporation,<br><br>Defendant. | **COLLECTIVE and CLASS ACTION ALLEGATION COMPLAINT**; **OREGON WAGE AND HOUR LAWS**<br>Fair Labor Standards Act 29 U.S.C. § 201 *et seq*.; Oregon Wage and Hour Laws (ORS Chapter 652)<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, SHAWNA BELL, on behalf of herself and all other similarly situated employees of Defendant, brings this Fair Labor Standards Act ("FLSA") collective action and Fed R. Civ. P. Rule 23 class action Complaint for violations of the FLSA and Oregon's Wage and Hour laws against Defendant, CONSUMER CELLULAR, Inc., (hereinafter, "Consumer Cellular"). Plaintiff makes her allegations based upon personal knowledge, information, and belief.

## INTRODUCTION

1.      This is a collective and class action suit to recover unpaid overtime brought under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* and Oregon Wage and Hour Laws, ORS Chapter 652 ("Oregon Wage and Hour Laws").

2.      The FLSA requires employers to include non-discretionary incentive pay and bonuses when determining an employee's *regular rate of pay* for purposes of computing the employee's overtime earnings. Plaintiff alleges that she and others are similarly situated as a result of Defendant's policy and practice of failing to include non-discretionary incentive pay and bonuses in the computation and payment of the overtime premium as required by the FLSA, and by Defendant's failure to pay all wages earned when due under Oregon Wage and Hour Laws.

3.      This action seeks compensatory and liquidated damages, attorney's fees, taxable costs of court, pre- and post-judgment interest and penalty wages for Defendant's willful failure to pay wages when due, including the correct amount of overtime wages, and other relief pursuant to 29 U.S.C. § 216(b) and Oregon Wage and Hour Laws for Plaintiff and for all others similarly situated in the course of their employment with Defendant.

4.      Plaintiff and all others similarly situated demand a jury trial on all issues that may be tried to a jury.

## JURISDICTION AND VENUE

5.      Jurisdiction is conferred on this Court by 29 U.S.C. § 216(b), as this action arises under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*; 28 U.S.C. § 1331; and 28 U.S.C. §1337, as it arises under acts of Congress regulating commerce.   Jurisdiction of the state law claims is conferred on this Court by 28 U.S.C. § 1367 because the state law claims form a part of the same case or controversy as the federal claims under Article III of the United States Constitution.

6.      Venue is proper in this District Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to this complaint occurred in the District of Oregon.

## PARTIES

7.      Defendant Consumer Cellular is a privately held Portland, Oregon-based provider of cellular telephone products and services with its principal place of business in Portland, Oregon.

8.      Consumer Cellular employs approximately 1,000 customer service representatives at three call centers located in Portland, Oregon; Redmond, Oregon; and Phoenix, Arizona.

9.      Consumer Cellular employs hourly non-exempt sales and non-sales Customer Service Representatives ("CSRs") to sell Consumer Cellular products and services and provide customer service to its existing customers over the phone.

10.     Plaintiff Shawna Bell, a resident of Crook County, Oregon was employed as a CSR at the Consumer Cellular call center in Redmond, Oregon from May 5, 2014 to January 5, 2015.

## FACTUAL ALLEGATIONS

11.     Consumer Cellular pays its CSRs a set hourly rate of pay for each hour worked as well as additional compensation for meeting certain sales targets and/or productivity goals and quality measures ("Additional Compensation").

12.     It is the Consumer Cellular policy and practice to pay CSRs overtime at one and one-half times the employee's *hourly* rate of pay without paying overtime on the Additional Compensation.

13.     The Additional Compensation paid by Consumer Cellular to its CSRs is promised pay that is paid to CSRs who meet certain production goals and/or performance and quality measures as specified by Consumer Cellular in compensation policy materials that it provides to its CSRs.

14.    Additional Compensation is earned based on a CSRs' work as measured continuously during all hours worked, but the amount of Additional Compensation earned and paid, if any, is determined on a monthly basis.

15.    Consumer Cellular pays Additional Compensation earned by a CSR in the second paycheck of the month following the month in which the Additional Compensation was earned.

16.    When paying Additional Compensation earned by its CSRs Consumer Cellular fails to apportion Additional Compensation back over the workweeks in which it was earned for purposes of computing overtime pay.

17.    Consumer Cellular does not pay any overtime premium on the Additional Compensation earned by CSRs who worked overtime during the period in which the Additional Compensation was earned.

18.    During her employment with Consumer Cellular, Plaintiff was not paid the correct amount of overtime premium earned because the Additional Compensation that she earned was not included in the computation of her regular rate of pay, and as a result, she was not paid the correct amount of overtime for those weeks in which she worked over 40 hours and earned Additional Compensation.

19.    Plaintiff alleges she was underpaid each time she worked overtime and earned a bonus for work performed during the week in which she worked overtime.

20.    For example, in October and November 2014 Plaintiff earned overtime and Additional Compensation. The overtime was paid at one and one-half times her hourly rate of pay and the Additional Compensation, when paid in November and December, was not allocated over the workweeks in which overtime was earned for purposes of computing the amount of overtime owed.

21.    Accordingly, consumer Cellular now owes Plaintiff unpaid overtime, liquidated damages, and penalty wages under the FLSA and Oregon Wage and Hour laws.

22.    Plaintiff brings her claims individually, and on behalf of all other similarly situated individuals who worked over 40 hours in a workweek for Defendant at any time within three years of the filing of this action, and who were not paid time and one-half their correct regular rate of pay for all hours worked over 40 in a workweek when Additional Compensation was also earned.

23.    At all times material to this Complaint, Defendant acted, directly or indirectly, in the interest of an employer with respect to Plaintiff and all others similarly situated.

24.    Defendant is subject to the FLSA, 29 U.S.C. § 201 *et seq*. and Oregon Wage and Hour Laws, ORS Chapters 652 and 653.

25.    Defendant employed Plaintiff and similarly situated current and former employees during the three-year period preceding the filing of this Complaint.

26.    At all material times, Defendant has been an employer within the meaning of 3(d) of the FLSA, 29 U.S.C. § 203(d). Defendant directly or indirectly acted in the interest of an employer toward the Plaintiff at all material times, including, without limitation, directly or indirectly controlling all employment terms and conditions of Plaintiff.

27.    At all material times, Consumer Cellular has been an enterprise within the meaning of 29 U.S.C. § 203(r).

28.    At all material times, Consumer Cellular has been an enterprise in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1) because it had employees engaged in commerce. Based upon information and belief, the annual gross sales volume of Consumer Cellular was in excess of $500,000 per annum at all times material hereto.

Alternatively, Plaintiff and the similarly situated employees worked in interstate commerce so as to fall within the protections of the FLSA.

29.     At all material times, Plaintiff was an individual employee who was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

30.     Plaintiff has retained the law firm of Leiman & Johnson, LLC to represent her individually, and has incurred attorneys' fees and costs in bringing this action.  Pursuant to 29 U.S.C. § 216(b) and ORS 652.200, Plaintiff is entitled to recovery of reasonable attorneys' fees and costs.

## FIRST CLAIM FOR RELIEF
### (FLSA Overtime Violations - 29 U.S.C § 207; Collective Action)

31.     Plaintiff re-alleges and incorporates herein by reference, all allegations contained in paragraphs 1 through 30 above.

32.     At all material times, Plaintiff performed duties for the benefit of, and on behalf of Defendant, under employment terms and conditions set by Defendant.

33.     At all material times, Defendant was required to pay Plaintiff and the hereinafter-defined FLSA Class members in accordance with the overtime provisions of the FLSA.

34.     At all material times, Defendant failed to apportion Additional Compensation earned by Plaintiff and other similarly situated employees when computing overtime pay when overtime and Additional Compensation were earned during the same workweek.

35.     At all material times, Defendant failed to pay the correct amount of overtime pay to Plaintiff and other similarly situated employees because Defendant failed to compute each employee's overtime based on a weekly regular rate of pay based on total compensation earned and total hours worked each week.

36.    Plaintiff brings this collective class action under § 216(b) of the FLSA and against Defendant for unpaid overtime compensation, and related penalties and damages on behalf of herself and the following persons:

> All current and former hourly non-exempt Customer Service Representatives employed by Consumer Cellular, Incorporated who received incentive pay and/or a sales bonus, and overtime pay since May 30, 2012 (the "FLSA Class").

37.    Plaintiff brings this FLSA claim for unpaid overtime and liquidated damages as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b).  The FLSA claims may be pursued by those FLSA Class members who opt-in to this case pursuant to 29 U.S.C. § 216(b).

38.    Plaintiff individually, and on behalf of FLSA Class members, seeks relief on a collective basis alleging the FLSA was violated when she and others were not paid the correct amount of overtime pay due to them under the FLSA.  Plaintiff and FLSA Class members are similarly situated because the underpayment of overtime was caused by an unlawful pay practice that was common to Defendant's hourly non-exempt CSRs.

39.    The number and identity of the other members of the putative FLSA Class may be readily determined from the records of Defendant, and potential opt-in FLSA Class members may be easily and quickly notified of the pendency of this action.

40.    Defendant has not paid Plaintiff and FLSA Class members the correct amount of overtime pay for weeks in which they earned incentive and/or bonus pay and while working in excess of 40 hours in violation of 29 U.S.C. § 207.

41.    Plaintiff and similarly situated FLSA Class members have not been paid all of the overtime wages owed to them by Defendant.

42.    Plaintiff and similarly situated FLSA Class members are owed overtime pay incentives and bonuses earned during weeks in which the employee worked over 40 hours in a workweek at a rate equal to one-half of their correctly computed regular rate of pay.

43.    Records of all hours worked and all compensation paid to Plaintiff and similarly situated FLSA Class members are in the possession and control of Defendant.

44.    Defendant's records show that Defendant failed to pay FLSA Class members the correct amount of overtime pay by failing to include non-discretionary incentive and bonus pay when computing the amount of overtime pay due to its employees.

45.    At all material times hereto, Defendant failed to comply with 29 U.S.C. §§ 201-209 in that Plaintiff and others performed services and labor for Defendant for which Defendant failed to pay the correct amount of overtime based on total compensation earned, including incentive and bonus pay, as required by the FLSA.

46.    Plaintiff brings this action on her own behalf, and on behalf of all similarly situated individuals seeking unpaid overtime compensation, liquidated damages, costs, penalty wages, and attorneys' fees arising from the law violations set forth herein.

47.    Defendant violated §207 of the FLSA when it willfully failed to pay overtime to Plaintiff and FLSA Class members at one and one-half times their regular rate of pay for all hours worked over 40 in a workweek during the applicable statutory period.

48.    Defendant's failure to pay Plaintiff and FLSA Class members all overtime earned at one and one-half times their regular rate of pay resulted from Defendant's willful act of knowingly adopting a compensation policy that failed to include all compensation earned, including incentive and bonus pay, when computing an employee's weekly regular rate of pay for purposes of paying overtime. Defendant's policy thus violated the FLSA and resulted in the underpayment

of overtime pay to Plaintiff and each FLSA Class Member.  Plaintiff and the FLSA Class members are entitled to liquidated damages for Defendant's willful failure to pay the correct amount of overtime.

49.     By reason of said intentional, willful, and unlawful acts of Defendant, Plaintiff and FLSA Class members have suffered damages and have also incurred costs and reasonable attorneys' fees.

<strong>SECOND CLAIM FOR RELIEF/CLASS ACTION ALLEGATIONS<br>(Failure to Pay Wages When Due –<br>Violation of Oregon Wage and Hour Laws)</strong>

50.     Plaintiff, on behalf of herself and other similarly situated CSRs who were employed by Defendant in Oregon, re-alleges and incorporates herein by reference, all allegations contained in paragraphs 1 through 49 above.

51.     As alleged herein, Defendant willfully failed to pay Plaintiff and similarly situated current and former employees all wages when due, whether during employment or upon termination thereby violating ORS 652.120 and/or ORS 652.140 and giving rise to a penalty under ORS 652.150 for all CSRs who were employed by Consumer Cellular at a call center in Oregon.

52.     Plaintiff and similarly situated current and former employees are owed wages that were earned but not paid when due, whether during employment or upon termination.

53.     The wages earned but not paid include, but are not limited to, the underpayment of overtime resulting from Defendant's failure to include incentive pay and sales bonuses in the computation of overtime wages earned by Plaintiff and those similarly situated employees.

54.     Records of hours worked and wages and other compensation paid to Plaintiff and others are in possession and control of Defendant.

55.    Defendant's records show that Defendant failed to pay all wages earned when due to Plaintiff and similarly situated current and former employees.

56.    Plaintiff brings a class action pursuant to Fed. R. Civ. P. 23(b)(3) on behalf of herself and the following class of persons:

> All current and former hourly non-exempt Customer Service Representatives employed by Consumer Cellular, Incorporated at an Oregon call center who received incentive pay and/or a sales bonus, and overtime pay since May 30, 2012  (the "Oregon Wage Class").

57.    As a result of Defendant's willful failure to pay Plaintiff and the Oregon Wage Class all wages when due, Defendant is liable to Plaintiff and the Oregon Wage Class for a penalty to be computed in accordance with ORS 652.150.

58.    By reason of said intentional, willful, and unlawful acts of Defendant, Plaintiff and the similarly situated current and former employees have suffered damages and have also incurred costs and reasonable attorneys' fees.

59.    All members of the Oregon Wage Class who do not opt out may pursue the Oregon state law claim if that claim is certified for class-wide treatment.

60.    Plaintiff's state law claim satisfies the Fed. R. Civ. P. 23(a) class action prerequisites of numerosity of members, commonality of questions of law and fact, typicality of class claims, and fair and adequate representation of class member interests.

61.    **Numerosity** (Fed. R. Civ. P 23(a)(1)): The Oregon Wage Class satisfies the numerosity standards.  The Oregon Wage Class is believed to be in excess of 500 people.  As a result, joinder of all Class members in a single action is impracticable.  The precise number of Oregon Wage Class members and their identities and contact information are unknown to Plaintiff but

can be easily ascertained from Defendant's payroll records.  Oregon Wage Class members may be notified of the pendency of the action by first-class mail.

62.     **Commonality** (Fed. R. Civ. P 23(a)(2)): Questions of law and fact common to the Oregon Wage Class predominate over any questions affecting only individual members.  All Oregon Wage Class members were subject to the same payroll practices that resulted in the failure to pay wages when due. All Oregon Wage Class members received paychecks for more than 40 hours per week, but did not receive all incentive and/or bonus pay overtime compensation earned when the incentive and/or bonus pay was paid. Thus, all Oregon Wage Class Members have been paid incorrectly in the same manner, and all Oregon Wage Class members are owed additional compensation.

63.     Common questions of fact include but are not limited to: (a) whether Defendant's policy and practice of failing to take into account the incentive and/or bonus pay earned when computing overtime compensation resulted in underpayment of wages and compensation; and (b) whether Defendant acted willfully in failing to pay the correct amount of overtime compensation when due.

64.     Common questions of law exist regarding: (a) whether Defendant paid overtime wages when due in accordance with Oregon Wage and Hour Law, ORS Chapters 652; (b) whether such actions were willful and (c) whether former employees are owed penalties under ORS 652.

65.     The common issues predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness, and equity to other available methods for the fair and efficient adjudication of the Oregon state law claims.

66.     **Typicality** (Fed. R. Civ. P. 23(a)(3)):  Plaintiff's claim is typical of Oregon Wage Class

members' claims because:

     a.  Defendant employed Plaintiff in the same or similar positions as the Oregon
        Wage Class members;

     b.  Plaintiff and the Oregon Wage Class members were subject to the same payroll
        policies and were affected in the same manner by those policies;

     c.  Plaintiff, together with all of the Oregon Wage Class members, did not receive all
        wages when due;

     d.  Plaintiff, together with all of the Oregon Wage Class members, is owed a penalty
        computed according to ORS 652.150;

     e.  Plaintiff's claim is based on the same legal and remedial theories as those of the
        Oregon Wage Class and have similar factual circumstances; and

     f.  Plaintiff has suffered the same or similar injury, as did members of the Oregon
        Wage Class.

67.     **Adequacy of Plaintiff's Representation** (Fed. R. Civ. P. 23(a)(4)): Plaintiff will fairly

and adequately represent and protect the interests of the Oregon Wage Class because:

     a.  There is no conflict between Plaintiff's claim and the claims of the Oregon Wage
        Class.

     b.  Plaintiff has retained counsel who are skilled and experienced, who specialize in
        wage and hour cases, and who will vigorously prosecute the litigation;

     c.  Plaintiff's claim is typical of the claims of the Oregon Wage Class members; and

     d.  Plaintiff and her counsel will fairly and adequately protect the interests of the
        Oregon Wage Class members.

68.     A class action is the superior procedural vehicle for the fair and efficient adjudication of

the claims asserted herein given that:

     a.  There is minimal interest of members of the Oregon Wage Class in individually

        controlling their prosecution of claims under Oregon Wage and Hour Laws;

     b.  It is desirable to concentrate the litigation of these claims in this forum; and

    c.   There are no unusual difficulties likely to be encountered in the management of this case as a class action.

69.    The presentation of separate actions by individual Oregon Wage Class members creates the risk of inconsistent and varying adjudications, and may establish incompatible standards of conduct for Defendant and/or substantially impair or impede the ability of Oregon Wage Class members to protect their interests.

70.    In the absence of a class action, Defendant would be unjustly enriched because it would be able to retain the benefits and fruits of wrongful violations of Oregon Wage and Hour Laws.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself, the FLSA Class, and the Oregon Wage Class, respectfully asks the Court to grant the following relief:

1.    On the First Claim for Relief, award Plaintiff and the FLSA Class members their actual damages for unpaid overtime in an amount to be determined at trial, plus an equal amount as liquidated damages for failure to pay overtime pursuant to 29 U.S.C. §207; or in the alternative, an Oregon Wage penalty computed pursuant to ORS 652.150, whichever is greater.

2.    On the Second Claim for Relief, award Plaintiff and the Oregon Wage Class their penalty wages calculated according to ORS 652.150, in an amount to be determined at trial, plus pre-judgment interest in an amount to be determined at trial.

3.    Award Plaintiff and other similarly situated individuals their reasonable attorney fees and costs;

4.  Award Plaintiff and other similarly situated individuals their pre-judgment and post-judgment interest; and

5.  Award Plaintiff and other similarly situated individuals any and all such other legal and equitable relief as this Court deems just and proper.

DATED May 30, 2015.

Respectfully submitted,

___/s Alan J. Leiman_____
Alan J. Leiman
E-mail: alan@leimanlaw.com
Oregon State Bar No.:  98074
44 W. Broadway, Suite 326
Eugene, OR  97401
Telephone: (541) 345-2376
Facsimile:  (541) 345-2377
Of Attorneys for Plaintiffs

___/s Drew G. Johnson_____
Drew G. Johnson
E-mail: drew@leimanlaw.com
Oregon State Bar No.:  114289
44 W. Broadway, Suite 326
Eugene, OR  97401
Telephone: (541) 345-2376
Facsimile:  (541) 345-2377
Of Attorneys for Plaintiffs