IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **SHAWNA BELL,** individually and on behalf of all others similarly situated, | Case No. 3:15-cv-00941-SI |
| Plaintiffs, | **OPINION AND ORDER DENYING JOINT MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |
| v. | |
| **CONSUMER CELLULAR, INCORPORATED,** an Oregon Domestic Business Corporation, | |
| Defendant. | |

**Michael H. Simon, District Judge.**

Plaintiff Shawna Bell brings this hybrid collective and class action lawsuit individually

and on behalf of all others similarly situated for alleged violations of the Fair Labor Standards

Act ("FLSA") and Oregon wage-and-hour laws against Defendant Consumer Cellular, Inc. The

Court has not yet certified either a FLSA collective action or a class under Rule 23 of the Federal

Rules of Civil Procedure ("Rule 23"). The parties jointly move for preliminary approval of their

proposed class action settlement. Dkt. 17. In their joint motion, the parties ask, among other

things, that the Court preliminarily certify a settlement class, approve the proposed settlement

PAGE 1 – OPINION AND ORDER

agreement, and approve the proposed notice to the settlement class. For the reasons that follow, the Court denies the parties' joint motion.

## STANDARDS

Rule 23(e) provides, in part, that "[t]he claims, issues, or defenses of a certified class may be settled, voluntarily dismissed, or compromised only with the court's approval." When a district court evaluates a class action settlement under Rule 23(e), the court must determine whether the settlement is fundamentally fair, reasonable, and adequate. *In re Syncor ERISA Litigation*, 516 F.3d 1095, 1100 (9th Cir. 2008). "The purpose of Rule 23(e) is to protect the unnamed members of the class from unjust or unfair settlements affecting their rights." *Id.*; *see also* 2 MCLAUGHLIN ON CLASS ACTIONS § 6:4 (12th ed. 2015) ("In the context of reviewing a proposed class action settlement, the district court has a special duty to act as guardian for the interests of absent class members because they are not present but will be bound by the disposition of the case.").

The Ninth Circuit has a "strong judicial policy that favors settlements, particularly where complex class action litigation is concerned." *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992). "But where, as here, class counsel negotiates a settlement agreement before the class is even certified, courts 'must be particularly vigilant not only for explicit collusion, but also for more subtle signs that class counsel have allowed pursuit of their own self-interests and that of certain class members to infect the negotiations.'" *Dennis v. Kellogg Co.*, 697 F.3d 858, 864 (9th Cir. 2012) (quoting *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 947 (9th Cir. 2011)). "In such a case, settlement approval 'requires a higher standard of fairness' and 'a more probing inquiry than may normally be required under Rule 23(e).'" *Id.* (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998)).

## DISCUSSION

### A.  Preliminary Certification of Settlement Class

The Complaint alleges two claims against Defendant: (1) FLSA overtime violations under 29 U.S.C. § 207; and (2) failure to pay wages when due in violation of Or. Rev. Stat. Chapter 652. Dkt. 1. The Complaint characterizes the FLSA claim as an "opt-in" collective action under 29 U.S.C. § 216(b).[1] The Complaint characterizes the Oregon wage-and-hour claim as an "opt-out" class action under Rule 23(b)(3).[2]

In their motion, the parties jointly request that the Court issue an order preliminarily certifying a settlement class. The settlement agreement defines the proposed settlement class as follows: "[A]ll current and former hourly non-exempt Oregon and Arizona Customer Service Representatives and CSR Sales employees who were affected by the overtime calculation formula between September 1, 2014 and March 31, 2015." Dkt. 17-3 at 4. Absent class members must affirmatively "opt-in" to the settlement class in order to receive any benefits from the settlement. *Id.* at 6. The settlement agreement further provides that any proceeds of the settlement amount that are not timely claimed by and paid to settlement class members will revert back to Defendant. *Id.* at 11.

The Court declines to issue an order preliminarily approving the proposed settlement and certifying the proposed settlement class for several reasons. First, the parties, in their joint

---

[1] The Complaint defines the FLSA class as follows: "All current and former hourly non-exempt Customer Service Representatives employed by Consumer Cellular, Incorporated who received incentive pay and/or a sales bonus, and overtime pay since May 30, 2012." Dkt. 1 ¶ 36.

[2] The Complaint defines the Oregon wage-and-hour class as follows: "All current and former hourly non-exempt Customer Service Representatives employed by Consumer Cellular, Incorporated *at an Oregon call center* who received incentive pay and/or a sales bonus, and overtime pay since May 30, 2012." Dkt. 1 ¶ 56 (emphasis added).

motion, do not address whether and, if so, how the proposed settlement class satisfies the requirements of Rule 23. To obtain class certification, Plaintiff must satisfy the four requirements of Rule 23(a) (numerosity, commonality, typicality, and adequacy) as well as at least one of the three subdivisions of Rule 23(b). *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 613-14 (1997). Class certification under Rule 23(b)(3) is appropriate where "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Rule 23(b)(3). "Before certifying a class, the trial court must conduct a rigorous analysis to determine whether the party seeking certification has met the prerequisites of Rule 23." *Mazza v. Am. Honda Motor Co., Inc.*, 666 F.3d 581, 588 (9th Cir. 2012) (quotation marks omitted). A court "must pay 'undiluted, even heightened, attention' to class certification requirements in a settlement context." *Hanlon*, 150 F.3d at 1019 (quoting *Amchem*, 521 U.S. at 619).

Second, the parties, in their motion, do not address how or why the proposed "opt-in" requirement is appropriate for this settlement. Although an FLSA collective action uses an "opt-in" procedure, a class certified under Rule 23(b)(3) generally uses an "opt-out" procedure. *Compare* 29 U.S.C. § 216(b) ("No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought."), *with* Rule 23(c)(2)(B)(v) (stating that for a Rule 23(b)(3) class, the notice must state "that the court will exclude from the class any member who requests exclusion").

The Court is particularly concerned about the fairness and propriety of the proposed "opt-in" requirement because any settlement class member who does not timely and properly

return a claim form and who does not timely and properly exclude themselves from the settlement class will nevertheless be bound by the settlement agreement's release of FLSA claims without receiving any compensation. Dkt. 17-3 at 7; *see generally Kakani v. Oracle Corp.*, 2007 WL 1793774 (N.D. Cal. June 19, 2007) (expressing disapproval of such a procedure). Additionally, the Court is concerned about the fairness and propriety of the proposed "opt-in" requirement because the settlement agreement provides for the full reversion to Defendant of any unclaimed settlement proceeds. *See id.* at *3.

Third, the parties, in their motion, do not discuss why class certification under Rule 23 is the appropriate method for settlement where, as here, the settlement agreement seeks to dispose of class members' FLSA claims as well as their Oregon wage-and-hour claims. As discussed above, the procedures for class actions under Rule 23 and for collective actions under the FLSA differ significantly. *See id.* at *7 (finding that a settlement agreement that requires class members to exclude themselves from the class violates the FLSA). The Court notes that, on occasion, parties request that a district court preliminarily certify for settlement purposes both a Rule 23 "opt-out" class (or subclass) and a FLSA "opt-in" collective action. *See, e.g.*, *Nen Thio v. Genji, LLC*, 14 F. Supp. 3d 1324, 1329-30 (N.D. Cal. 2014); *Tijero v. Aaron Bros., Inc.*, 301 F.R.D. 314, 320 (N.D. Cal. 2013); *Murillo v. Pac. Gas & Elec. Co.*, 266 F.R.D. 468 (E.D. Cal. 2010). But that is not what is being proposed by the parties here.

## B.  Reversion to Defendant

The Ninth Circuit instructs that "reversion to the defendant may be appropriate when deterrence is not a goal of the statute or is not required by the circumstances." *Six Mexican Workers v. Ariz. Citrus Growers*, 904 F.2d 1301, 1308 (9th Cir. 1990); *see also Allen v. Bedolla*, 787 F.3d 1218, 1224 (9th Cir. 2015) (stating that a "reverter that returns unclaimed fees to the defendant" is a "subtle sign[] that class counsel have allowed pursuit of their own

PAGE 5 – OPINION AND ORDER

self-interests . . . to infect the negotiations") (quoting *Bluetooth*, 654 F.3d at 947). The objectives

of the FLSA include deterrence. *See Millan v. Cascade Water Servs., Inc.*, 310 F.R.D. 593, 612

(E.D. Cal. 2015) (citing cases). "If unclaimed funds are to revert to a defendant [in an FLSA

case,] the parties should explain why those funds should [so] revert[.]" *Id.*; *see also Dudum v.*

*Carter's Retail, Inc.*, 2015 WL 5185933, at *3 (N.D. Cal. Sept. 4, 2015) (denying a motion for

preliminary approval of a class action settlement and directing counsel to explain why any

reversion of unclaimed settlement funds to the defendant is appropriate). The parties, in their

joint motion, provide no explanation, analysis, or authority for why reversion of any unclaimed

settlement funds to Defendant is appropriate here.

## C.  Proposed Notice to Settlement Class

In considering whether a proposed class action settlement is fair and adequate, a court

also must evaluate whether the notice is the "best notice practicable under the circumstances"

and comports with due process. *See, e.g.*, *In re Zynga Inc. Sec. Litig.*, 2015 WL 6471171, at *13

(N.D. Cal. Oct. 27, 2015). The notice also must clearly apprise class members of their right to

object to any attorney's fees and costs and any incentive award being sought. *See id.*

The Court finds that the proposed notice and objection process is not fair, reasonable, and

adequate, and that it does not provide the best notice practicable, for the following reasons:

1.      The proposed process to object to the settlement agreement or to the attorney's

fees and costs and incentive award requires class members to file any objections with the Court

and mail copies of any objections to both Leiman & Johnson, LLC, and Bullard Law.

Additionally, Section 22 of the proposed notice requires that class members mail their notice of

intent to appear at the fairness hearing to: (1) the Court; (2) Leiman & Johnson, LLC; and

(3) Bullard Law. The requirement to mail to counsel copies of any objections in addition to filing

those objections with the Court is unduly burdensome and unnecessary because all counsel of

PAGE 6 – OPINION AND ORDER

record will receive notice through the Court's CM/ECF electronic filing system of all filed

objections.

2.      The proposed notice does not adequately notify class members that they have, in

addition to the right to object to the settlement agreement, the right to object to the specific

attorney's fees and costs and incentive award sought. The absent class members' right to object

to the attorney's fees and costs and incentive award sought is an important right of which class

members must be clearly and explicitly notified. *See In re Zynga*, 2015 WL 6471171, at *13.

Thus, wherever the notice indicates that class members may object to the settlement, the Court

requires that the notice also expressly state that class members also may object to the attorney's

fees and costs and the incentive award sought.

3.      The proposed notice provides that in order to view the settlement agreement,

absent class members must obtain a copy of the settlement agreement from the office of the

Clerk of the Court. The requirement that class members obtain a copy of the settlement

agreement from the Clerk of the Court is unduly burdensome, both to class members and the

Court. The Court requires that the settlement agreement be made available for public viewing

online through a class website created and maintained by either Plaintiffs' counsel or the Claims

Administrator.

4.      The proposed objection process and time limits do not provide the class with an

adequate opportunity to object to class counsel's motion for attorney's fees and costs. Ninth

Circuit law requires that class counsel's motion for attorney's fees and costs be filed sufficiently

before the deadline for objections so that class members will have a full and fair opportunity to

examine and oppose the motion. *In re Mercury Interactive Corp. Sec. Lit.*, 618 F.3d 988, 995

(9th Cir. 2010). The Court requires that class counsel's motion for attorney's fees and costs be

made available for timely public viewing online through a class website created and maintained

by either Plaintiffs' counsel or the Claims Administrator.

5.      The proposed objection procedures state: "Within twenty-five (25) days following

the date on which the Claims Administrator mails the Notices to the Settlement Class, members

who wish to do so may file and serve written objections to the Settlement and notice of intention

to appear to object at the final settlement hearing." Dkt. 17 at 9. Twenty-five days, however,

does not allow class members to have a full, fair, and sufficient opportunity to receive and

examine the notice, examine and potentially oppose the settlement agreement, and examine and

potentially oppose class counsel's motion for attorney's fees and costs. *See In re Mercury*,

618 F.3d at 995. Additionally, the deadline for objections must be set at least two weeks after

class counsel's motion for attorney's fees and costs is filed with the Court and made accessible

online to class members.

6.      The Court additionally finds that the proposed notice is insufficient in the

following respects:

a.      The first page of the notice does not indicate the amount of the incentive

award sought by the class representative. This information must be conspicuous.

b.      The first page of the notice does not provide a deadline for the filing of

class counsel's motion for attorney's fees and costs that is at least two weeks before the deadline

for objections.

c.      Section 8 of the proposed notice states: "Consumer Cellular has agreed to

pay a total of $900,000 in order the settle the claims of the lawsuit. That amount will be used to

pay attorneys' fees and expenses of $250,000, and an incentive award of $2,500 . . . ." Dkt. 17-1

at 3. The second quoted sentence should be modified to read that the settlement amount will be

used to pay any approved attorney's fees and costs, not to exceed $250,000, and any approved incentive award, not to exceed $2,500.

        d.      Section 20 of the proposed notice describes the fairness hearing and states that at the hearing, "the Court will consider whether the settlement is fair, reasonable and adequate. . . . After the hearing, the Court will decide whether to approve the settlement." Dkt. 17-1 at 6. Section 20 is deficient because it does not expressly state that at the fairness hearing, the Court will also consider the appropriate amount to be awarded to class counsel for attorney's fees and expenses, the appropriate amount of any incentive award, and the appropriate amount to be paid to the Claims Administrator.

## CONCLUSION

The Court DENIES the parties' Joint Motion for Preliminary Approval of Class Action Settlement (Dkt. 17) without prejudice and with leave to file an amended motion that addresses the issues, concerns, deficiencies, and requirements identified in this Opinion and Order.

**IT IS SO ORDERED.**

DATED this 31st day of May, 2016.

                                       /s/ Michael H. Simon
                                       Michael H. Simon
                                       United States District Judge