# EXHIBIT 3

# SETTLEMENT AGREEMENT

This Settlement Agreement ("Settlement Agreement") is entered into between named plaintiff Shawna Bell ("Settlement Class Representative" or "Plaintiff"), individually and as representative of others similarly situated, which constitute the Settlement Class (defined below), on the one hand; and Consumer Cellular Incorporated ("Consumer Cellular" or "Defendant"), on the other (collectively, "the Parties").

The Parties agree that each of them is acting by and through their undersigned counsel: Alan J. Leiman and Drew G. Johnson of Leiman & Johnson LLC, who are designated as Settlement Class Counsel, for Plaintiff; and Francis T. Barnwell and Kathryn M. Hindman of Bullard Law for Defendant.

## RECITALS

**WHEREAS**, Plaintiff filed a lawsuit against Defendant that is currently pending in the U.S. District Court for the District of Oregon, Portland Division, titled *Shawna Bell v. Consumer Cellular Incorporated*, Case No. 3:15-cv-00941 (the "Lawsuit"). As part of the Lawsuit, Plaintiff asserted claims, individually and on a purported collective- and class-wide basis on behalf of herself and other allegedly similarly-situated current and former employees of Defendant, alleging violations of the Fair Labor Standards Act ("FLSA"), 29 USC 201, *et seq.* and Oregon wage laws, ORS Chapter 652.

**WHEREAS**, the Parties have conducted an investigation into the facts and law and have engaged in negotiations relating to the Lawsuit, including a settlement conference mediated by the Honorable Susan Leeson and Sam Hall, and, considering the benefits of the Settlement Agreement and the risks of litigation, have concluded that it is in the best interest of the Parties to enter into the Settlement Agreement. Plaintiff and Settlement Class Counsel agree that the Settlement Agreement is fair, reasonable, and adequate with respect to the interests of Plaintiff and the Settlement Class, and should be approved by the Court.

**WHEREAS**, Defendant denies liability, but nevertheless desires to settle the Lawsuit finally on the terms and conditions set forth herein for the purposes of avoiding the burden, expense, and uncertainty of litigation, and putting to rest the controversies engendered by this Lawsuit.

**WHEREAS**, the Parties wish to settle the Lawsuit to avoid the uncertainties and risks of trial, to avoid further expenses, inconveniences, and the distraction of burdensome and protracted litigation, and to obtain the releases, orders, and judgments contemplated by this Settlement Agreement so as to settle and put to rest totally and finally all matters that were raised, or could have been raised, in the Lawsuit.

**NOW THEREFORE**, in consideration of the covenants and agreements in this Settlement Agreement forth herein, the Parties, on behalf of themselves and the Settlement Class and through their undersigned counsel, agree to the settlement of the Lawsuit, subject to Court approval, under the following terms and conditions:

EXHIBIT 3

## AGREEMENTS AND RELEASES

### 1.    RECITALS

The foregoing Recitals are true and correct and made part of this Settlement Agreement.

### 2.    DEFINITIONS

The following terms shall have the meanings set forth below:

**2.1**    **"Approval"** means the date the Court enters an Order approving this Settlement, including the procedure for notifying Settlement Class Members of their eligibility to participate in the Settlement. Approval of this Settlement shall be deemed final and effective as of the Effective Date (defined below).

**2.2**    **"Claim Form"** shall mean the document that must be submitted by Settlement Class Members in order to obtain the benefits of this Settlement Agreement. A copy of the proposed Claim Form approved by the Parties is attached as Exhibit 1.

**2.3**    **"Complaint"** means the Complaint filed by Plaintiff on or about May 30, 2015.

**2.4**    **"Court"** shall mean the U.S. District Court for the District of Oregon, Portland Division.

**2.5**    **"Defendant"** means the Defendant named as a Party in the Lawsuit.

**2.6**    **"Defendant's Counsel"** shall mean Francis T. Barnwell and Kathryn M. Hindman of Bullard Law.

**2.7**    **"Effective Date"** shall mean the first day that the Court is open for business after entry of the General Judgment of Dismissal with Prejudice and after the last of the following dates has passed: (i) assuming no appeal or motion to intervene is filed by any objector, five (5) days after the end of the period by which an appeal of the Court's General Judgment of Dismissal with Prejudice must be filed; (ii) in the event that the General Judgment of Dismissal with Prejudice is appealed, or a motion to intervene is filed challenging the Settlement Agreement, five (5) days after the issuance of the Appellate Mandate pursuant to Federal Rule of Appellate Procedure 41; or (iii) denial of any petition for certiorari to the U.S. Supreme Court.

**2.8**    **"Fairness Hearing"** shall mean the hearing on the Motion for Judgment and Final Approval of Settlement, which will occur no earlier than thirty (30) days after the end of the Notice Period, or a later date as set by the Court.

**2.9**    **"General Judgment of Dismissal with Prejudice"** means the General Judgment of Dismissal with Prejudice to be submitted by the Parties and rendered by the Court consistent with this Settlement Agreement.

**2.10**    **"Gross Settlement Fund"** means the maximum amount of up to Nine Hundred Thousand Dollars ($900,000.00). This fund will cover the settlement allocations to all Settlement Class members, attorneys' fees and costs, all applicable payroll taxes, the total amount of the

EXHIBIT 3

service payment to Plaintiff, and administrative costs, such that Defendant's maximum total settlement liability shall not exceed $900,000.00.

      **2.11** **"Last Known Address"** means the most recently recorded mailing address for a Settlement Class Member as such information is contained in the employment or personnel records maintained by Defendant.

      **2.12** **"Net Settlement Fund"** means the Gross Settlement Fund less administrative costs, all applicable payroll taxes, attorneys' fees and costs, and the total amount of service payment to Plaintiff.

      **2.13** **"Notice"** shall mean the Notice of Proposed Class Action Settlement, substantially in the form attached as Exhibit 2, and as ultimately approved by the Court. The Notice will inform the Settlement Class Member about the Lawsuit and the Settlement Agreement.

      **2.14** **"Notice Period"** shall mean the deadline by which Settlement Class Members must submit the Claim Form to request that they participate in or be excluded from the Settlement Class, or to file objections to the Settlement. To be effective, the Claim Form must be validly completed and postmarked or faxed by the date specified in the Notice, which will be thirty-five (35) calendar days after the date of the initial mailing of the Notice.

      **2.15** **"Parties"** shall mean Shawna Bell, on behalf of herself and Settlement Class Members, and Defendant.

      **2.16** **"Preliminary Approval Order"** shall mean the Court's order preliminarily approving this Settlement Agreement without any modification, in the form attached as Exhibit 3.

      **2.17** **"Released Parties"** shall mean Defendant, as defined above, and all of its current and former owners, parents, subsidiaries, affiliates, successors, predecessors, assigns, directors, officers, agents, legal representatives, employees, insurers and transferees, as well as Defendant's successors' and predecessors' assigns, directors, officers, agents, legal representatives, employees, insurers and transferees.

      **2.18** **"Service Payment"** shall mean enhanced payment to the Settlement Class Representative for her effort in pursuing this Lawsuit as approved by the Court up to $2,500.

      **2.19** **"Settlement Administrator"** shall mean the entity approved by the Court to serve the role of disseminating class Notice, processing claims, and fulfilling other requirements as set forth herein and in any orders of the Court.

      **2.20** **"Settlement Agreement"** means this Settlement Agreement of alleged class action claims brought in the Lawsuit, including any permitted and executed amendments and exhibits hereto.

      **2.21** **"Settlement Amount"** means the maximum amount that Defendant will be required to pay pursuant to this Settlement Agreement.

EXHIBIT 3

**2.22** **"Settlement Award Class"** shall mean a settlement class approved by the Court pursuant to this Settlement Agreement solely for purposes of effectuating this Settlement Agreement, as provided for and defined in section 3, who participates in the Settlement, and who shall receive a portion of the Settlement Amount.

**2.23** **"Settlement Class Counsel"** shall mean Alan J. Leiman and Drew G. Johnson of Leiman & Johnson LLP.

**2.24** **"Settlement Class Counsel's Attorney Fee and Costs Payment"** means the maximum amount of attorney fees and costs as approved by the Court.

**2.25** **"Settlement Class Member"** shall mean any current or former employee of Defendant who is a member of the Settlement Class.  The Settlement Class consists of all current and former hourly non-exempt Oregon and Arizona Customer Service Representatives and CSR Sales employees who were affected by the overtime calculation formula between September 1, 2014 and March 31, 2015.

**2.26** **"Settlement Class Representative"** shall mean Shawna Bell.

**2.27** **"Settlement Payment"** shall mean the portion of the Settlement Amount made available to each individual Settlement Award Class Member who participates in the Settlement.

## 3.   APPROVAL OF THE SETTLEMENT CLASS

Defendant agrees that, solely for the purposes of resolving the Lawsuit and for purposes of this Settlement Agreement and its implementation, the Settlement Class shall be defined as set forth in section 2.25.  It is understood and agreed that designation of the Settlement Class is for settlement purposes only.

The Settlement Class Representative and Settlement Class Counsel agree to recommend approval of this Settlement Agreement by the Court and to recommend participation in the Settlement Agreement by members of the Settlement Class. The Parties agree to undertake their best efforts, including any and all steps and efforts that may become necessary by order of the Court or otherwise, to effectuate the terms and purposes of the Settlement Agreement and to secure the Court's approval. At no time shall any of the Parties or their counsel seek to solicit or otherwise encourage Settlement Class Members to submit written objections to the Settlement, requests for exclusion from the Settlement, or appeal from the Court's judgment.

## 4.   APPROVAL AND SETTLEMENT CLASS NOTICE

**4.1** **Preliminary Approval by the Court.** The Settlement Class Representative shall move the Court for approval of the Settlement Class and for preliminary approval of the Settlement Agreement and all proposed forms, orders and judgments, including but not limited to this Settlement Agreement and all attached exhibits. Defendant shall join in that motion. If the Court does not enter an Approval Order, or decides to do so only with material modifications to the terms of this Settlement Agreement, or if the Approval Order is reversed or vacated by an appellate Court, then this Settlement Agreement shall become null and void, unless the Parties agree in writing to modify this Settlement Agreement and the Court approves the modified Settlement Agreement. Notwithstanding the foregoing, if the Court approves the Gross

EXHIBIT 3

Settlement Fund but determines there should be a reduction of the amount paid to Settlement Class Counsel, the Settlement Agreement as so modified and approved by the Court shall remain fully binding on the Parties.

**4.2     Administration of Settlement Agreement by the Settlement Administrator.**

      **4.2.1**     The Parties agree that the Settlement Administrator shall be responsible for having all contact with Settlement Class Members during the settlement administration process, including but not limited to responding to potential inquiries from Settlement Class Members after consultation with Counsel for the Parties. Settlement Class Counsel will also respond to any inquiries made directly to Settlement Class Counsel. The Settlement Administrator shall be responsible for: (1) disseminating the Notice and Claim Forms to each Settlement Class Member; (2) collecting and processing the Claim Forms; (3) maintaining a website where the Settlement Agreement, Notice, and Claim Form are available to Settlement Class Members for review or download and copying; (4) preparing periodic reports as set forth below; and (5) making all Settlement Payments as set forth in section 5.

      **4.2.2**     On a periodic basis, the Settlement Administrator will provide reports to Settlement Class Counsel and Defendant's counsel updating them as to the number of timely received Claim Forms, the names of individuals unfound, and any objections submitted by Settlement Class Members.  The Settlement Administrator will provide Settlement Class Counsel and Defendant's Counsel with copies of the original challenges, objection statements, or withdrawal of objection statements on a weekly basis.

      **4.2.3**     The Parties agree and understand that the Settlement Administrator is responsible for administering any Settlement Payments pursuant to this Settlement Agreement, including that the Settlement Administrator is responsible for making all necessary payroll withholdings and deductions required by law for any portions of Settlement Payment allocated as wages, and sending all necessary IRS tax forms to Settlement Class Members as required by law.

      **4.2.4**     Within twenty (20) calendar days following the Court's Order granting preliminary approval of the Settlement, Defendant will forward to the Settlement Administrator the names, addresses, last known telephone numbers (if available) and social security numbers of the Settlement Class members, including the named Plaintiff.

**4.3     Notice.**

      **4.3.1**     Within forty-five (45) days of entry of the Preliminary Approval Order by the Court, or a later date approved by the Court, the Settlement Administrator shall disseminate Notice and Claim Form (in substantially the form reflected in Exhibits 1 and 2, respectively) to all Settlement Class Members by First Class U.S. mail, postage prepaid to the Settlement Class Member's Last Known Address.

      **4.3.2**     Prior to mailing the Notice and Claim Form, the Settlement Administrator shall see that an updated address for each Settlement Class Member is obtained from the National Change of Address database maintained by the U.S. Postal Service. It shall be presumed that if an envelope is not returned as undelivered or undeliverable, the Settlement Class Member received the Notice. If a Notice is returned undeliverable, within five (5) business

EXHIBIT 3

days, the Settlement Administrator will do one of the following: (1) if the Notice was returned with a forwarding address provided by the U.S. Postal Service, the Settlement Administrator will resend the Notice to that forwarding address; or (2) if a Notice is returned as undeliverable and without a forwarding address, the Settlement Administrator will perform a single "skip trace" search through LexisNexis AllFind or a comparable address database, using the social security number of the Settlement Class Member involved, and, if the Settlement Administrator obtains a different address from the skip trace, it will resend the Notice to that address.  The twenty-five day Notice Period shall run from the date of any second mailing.  The mailing shall include a postage paid return envelope for return of the Claim Form.

      **4.4**     **Settlement Class Member Claim Form.**

        **4.4.1**   The Notice accompanying the Claim Form will explain the options that Settlement Class Members will have with respect to choosing whether to join the Settlement Award Class ("opt in") or to be excluded from the Settlement Award Class ("opt out").

        **4.4.2**   To be effective the Claim Form must be postmarked by no later than 5:00 pm Pacific Standard Time (PST) on the date specified in the Notice, which will be the end of the Notice Period. Any Claim Form postmarked after the end of the Notice Period shall be null and void, and will be treated for purposes of this Settlement Agreement as if the Settlement Class Member had not responded to the Notice and Claim Form at all.

        **4.4.3**   At the end of the Notice Period, the Settlement Administrator will record a list of persons who have properly and timely opted to join the Settlement Award Class ("Opt In List"); a list of persons who have chosen to exclude themselves from the Settlement Agreement (the "Opt Out List"); and a list of persons who have done neither ("No Response List"). The Settlement Administrator will provide the lists to Defendant's Counsel and Settlement Class Counsel within ten (10) days following the close of the Notice Period.

        **4.4.4**   Any Settlement Class Member who timely and properly returns a Claim Form and opts in to the Settlement Award Class agrees to receive the Settlement Payment allocated for that Settlement Class Member, and consents to join and opt in to the class action settlement, and agrees to be bound by this Settlement Agreement including but not limited to the Release of Claims in section 6.1 (a waiver and release of claims or actions under wage and hour laws, rules or regulations including under the Fair Labor Standards Act (FLSA)).

        **4.4.5**   Any Settlement Class Member who timely and properly opts out of the Settlement Award Class by requesting exclusion, agrees to not receive a Settlement Payment, does not consent to join or opt in to the class action settlement, and will not be bound by the Settlement Agreement, including but not limited to the Release of Claims in section 6.1 or 6.2.

        **4.4.6**   Any Oregon Settlement Class Member who does not timely and properly return a Claim Form within the Notice Period, or does not timely and properly opt out of the Settlement award Class by requesting exclusion from the Settlement, will receive a payment of $35.00, and will be bound by the Settlement Agreement, including but not limited to the Release of Claims in section 6.2 (a waiver and release of claims or actions under wage and hour laws, rules or regulations but not including any claims or actions under the FLSA).

                                    EXHIBIT 3

**4.4.7**  Any Arizona Settlement Class Member who does not timely and properly return a Claim Form within the Notice Period will not receive a Settlement Payment, and will not release any rights or claims in the Settlement.

**4.5**    **Objections to Settlement Agreement.**

**4.5.1**  Settlement Class Members who wish to present objections to the Settlement Agreement at the Fairness Hearing must first do so in writing. The written objection must set forth the factual and legal bases for the objection. To be considered, such objection must be filed with the Court and sent to Settlement Class Counsel and Defendant's Counsel via First Class U.S. mail, postage prepaid, and be postmarked by the deadline ("Objection Deadline") specified in the Notice, which shall be not less than thirty (30) days after the Notice and Claim Form are mailed to the Settlement Class Member.

**4.5.2**  Settlement Class Members who opt out of the Settlement Class (requests exclusion) are not entitled to file objections.

**4.5.3**  An objector has the right to appear at the Fairness Hearing either in person or through counsel. An objector who wishes to appear at the Fairness Hearing must state his or her intention to do so at the time he or she submits his or her written objections. The Parties will not object to an objector seeking Court approval to withdraw his or her objections. No Settlement Class Member may appear to object at the Fairness Hearing unless he or she has filed a timely objection that complies with the procedures provided for in section 4.5.1.

**4.5.4**  A Settlement Class Member who opts in to the Settlement Agreement and submits an objection nevertheless remains bound by the Settlement Agreement.

**4.6**    **Motion for Entry of General Judgment of Dismissal with Prejudice and Final Approval of Settlement.**

Not later than twenty (20) days after the end of the Notice Period, Settlement Class Counsel shall file a motion requesting that the Court grant final approval of the Settlement Agreement and enter the General Judgment of Dismissal with Prejudice, and that the Court hold a hearing with the Parties to decide the final approval of the Settlement Agreement ("Fairness Hearing"). Settlement Class Counsel will file the Opt In List, the Opt Out List, and No Response List with the Court along with the motion. The Parties will ask the Court to set the date of the Fairness Hearing at the time of granting of preliminary approval of the Settlement Agreement so that the date may be included with the Notice to the Settlement Class Members.

**4.7**    **Entry of General Judgment of Dismissal with Prejudice.**

At the Fairness Hearing, the Parties will request that the Court, among other things: (i) approve the Settlement Agreement as final, fair, reasonable, adequate and binding on all Settlement Class Members who have not timely opted out pursuant to section 4.4; (ii) determine that adequate Notice was provided to the Settlement Class Members; (iii) approve payment to Settlement Class Counsel of Settlement Class Counsel's Attorney Fee and Cost Award; (iv) enter an order permanently enjoining all Settlement Class Members who do not opt out from pursuing and/or seeking to reopen claims that have been released by this Settlement Agreement; (v)

dismiss the Complaint and the Lawsuit with prejudice and without further fees or costs to any Party; and (vi) enter the General Judgment of Dismissal with Prejudice.

### 4.8   Right to Withdraw from Settlement Agreement.

If any legal proceeding or regulatory investigation, including, but not limited to, any class action lawsuit, or regulatory action or governmental investigation of any kind, is commenced by or on behalf of any Settlement Class Member concerning any allegations in the Lawsuit, Defendant shall have the right, in its sole discretion, to withdraw from this Settlement Agreement by filing with the Court a Notice of Withdrawal of Settlement not later than ten (10) days before the Fairness Hearing, in which case the Settlement Agreement shall become null and void as if the Court failed to grant preliminary approval as set forth in section 4.1. In the event that the Court or any appellate court enters an order altering this Settlement Agreement in a way that either Party believes, in its sole discretion, materially and adversely affects its interests, that affected Party may, within ten (10) days of entry of such order, withdraw from this Settlement Agreement by filing with the Court a Notice of Withdrawal of Settlement, in which case the Settlement Agreement shall become null and void as if the Court failed to grant preliminary approval as set forth in section 4.1.

### 5.   SETTLEMENT PROCEEDS

The Parties agree on the following consideration to be provided to Settlement Class Members as set forth in this section.

### 5.1   Settlement Amount

Defendant agrees to pay up to a maximum amount ("Settlement Amount") of Nine Hundred Thousand and No Dollars ($900,000) to fully resolve all claims or potential claims by or on behalf, of Plaintiff and Settlement Class Members and pursuant to the terms of this Settlement Agreement, and inclusive of all incentive payments to the Settlement Class Representative, all attorney fees and costs to Settlement Class Counsel, and all pre- and post-judgment interest. The Settlement Amount is the maximum that Defendant will be required to pay pursuant to this Settlement Agreement.

### 5.2   Settlement Payments.

Within seven (7) calendar days after the Effective Date, and solely for purposes of this Settlement, Defendant shall provide the Settlement Administrator with checks from the Payout Amount for each Settlement Award Class Member's Settlement Award in accordance with the following eligibility and settlement formula requirements:

A.      Excluded from becoming Settlement Award Class Members are those Settlement Class Members who submit valid and timely requests for exclusion pursuant to the terms and procedures of the Notice of Settlement of Class Action, ("Notice") attached as Exhibit 2.

EXHIBIT 3

B.      Subclass Designation.

Each Settlement Class Member will be designated for a specific subclass as of their employment status as follows:

Subclass A:  Three Hundred (300) Settlement Class Members who were current employees, employed by Consumer Cellular to work in Oregon and affected by the overtime calculation formula between September 1, 2014 and March 31, 2015, and who submit a complete, valid and timely Claim Form shall receive Eight Hundred and Eighty Dollars and No Cents ($880) each.

Subclass B:  One Hundred Ninety-Six (196) Settlement Class Members who were former employees, employed by Consumer Cellular to work in Oregon and affected by the overtime calculation formula between September 1, 2014 and March 31, 2015, and who submit a complete, valid and timely Claim Form shall receive One Thousand Seven Hundred Ninety-One Dollars and No Cents ($1,791) each.

Subclass C:  Two Hundred Thirty-Two (232) Settlement Class Members who were current and former employees, employed by Consumer Cellular to work in Arizona and affected by the overtime calculation formula between September 1, 2014 and March 31, 2015, and who submit a complete, valid and timely Claim Form shall receive the amount of their re-computed overtime due, or $50.00 each, whichever is greater.

**5.3      Taxation of Settlement Payments.**

**5.3.1**    The Settlement Payment for each Settlement Award Class Member shall be deemed payment of interest and/or penalties and other non-wage damages, and will not be subject to applicable payroll withholdings and deductions. An IRS Form 1099 will be issued by the Settlement Administrator for this amount to each Settlement Award Class Member. The Settlement Administrator will also issue IRS Form 1099 for the service payment to the Settlement Class Representative paid pursuant to this agreement.

**5.3.2**    Each Settlement Award Class Member will be solely responsible for his or her obligation to pay appropriate taxes related to the Settlement Payments. The Notice shall make clear that each Settlement Award Class Member is responsible for any tax obligations resulting from that Settlement Class Member's acceptance of a Settlement Payment, and that each Settlement Award Class Member agrees to indemnify and hold Defendant harmless with respect to any taxes, interest, or penalties that may arise from or be related to each Settlement Class Member's tax obligations with respect to their Settlement Payment. Defendant, or any of their representatives or attorneys, have made no promise, representation or warranty, express or implied, regarding the tax consequences of any consideration paid to Plaintiff or Settlement Award Class Members pursuant to this Settlement Agreement. Plaintiff and Settlement Award Class Members also agree and acknowledge that Defendant has no obligation to indemnify or defend them in any tax proceedings or from any tax consequences that could result from payments made in accordance with this Settlement Agreement.

**5.4**    **Settlement Class Counsel's Attorney Fees and Costs.**

**5.4.1**    Settlement Class Counsel agrees to request approval from the Court of reasonable attorney fees and costs in an amount not to exceed Two Hundred Fifty Thousand Dollars ($250,000) ("Class Counsel's Attorney Fee Payment"). Defendant does not object. Defendant shall have no additional liability for attorney fees, costs, or administration fees or costs, in connection with the Lawsuit and this Settlement Agreement, except as provided in section 8.

**5.4.2**    Defendant agrees to pay Settlement Class Counsel's Attorney Fee Payment no later than twenty one (21) days after the Effective Date of this Settlement Agreement as defined in section 2.7, by delivering payment via mail to Leiman & Johnson, LLC, 44 W. Broadway, Suite 326, Eugene, Oregon 97401. In the event an attorneys' lien is asserted related to this Settlement Agreement, Defendant shall tender the uncontested amounts of attorney fees and costs awarded by the Court to Settlement Class Counsel per the provided instructions and shall tender the contested amounts to the Court, and shall thereafter be released from any attorneys' lien claim. Defendant will issue Settlement Class Counsel one or more IRS Forms 1099 for the attorneys' fees and costs paid under this Agreement consistent with the Court's approval.

**5.4.3**    Settlement Class Counsel's Attorney Fee and Costs Payment paid to Settlement Class Counsel as provided for in section 5.4.1 shall be the full amount that will be paid by Defendant for attorney fees and costs in connection with the Lawsuit and this Settlement Agreement, regardless of the actual amount of attorney fees and costs expended by Settlement Class Counsel or any other counsel who represented or purports to represent the Settlement Class Representative, the Settlement Class or any individual Settlement Class Member.

**5.4.4**    The outcome of any proceeding relating to Settlement Class Counsel's application for attorney fees and costs shall not terminate this Settlement Agreement or otherwise affect the Court's ruling on the entry of the General Judgment of Dismissal with Prejudice or final approval of Settlement. If Settlement Class Counsel's application for attorney fees and costs is denied, in whole or in part, Settlement Class Counsel has the right to appeal such denial.

**5.4.5**    Defendant shall deliver checks in the amounts of the Service Payment ($2,500 to Shawna Bell) to Settlement Class Counsel no later than twenty one (21) days after the Effective Date of this Settlement Agreement as defined in section 2.7. Defendant shall deliver payment via mail to Leiman & Johnson, LLC, 44 W. Broadway, Suite 326, Eugene, Oregon 97401.

**5.5**    **Eligibility.**

To be eligible for a Settlement Payment, Settlement Class Members must submit a signed, timely and correctly completed Claim Form indicating that they wish to participate in ("opt in") the Settlement Agreement. Settlement Class Members who do not timely submit an accurate and complete Claim Form as set forth in this paragraph will not be eligible to receive a Settlement Payment under this section. Settlement Class Members who opt out are not entitled to

EXHIBIT 3

any of the settlement benefits provided for in this section. Each Settlement Class Member who opts in is eligible for only one Settlement Payment as specifically calculated for that Settlement Class Member. Any Settlement Class Member who does not timely and properly return a Claim Form within the Notice Period will not receive a Settlement Payment, but will be bound by the Settlement Agreement, including but not limited to the Release of Claims in section 6.

### 5.6    Reversion.

The Parties agree that each Settlement Award Class Member's Settlement Payment represents a fair, reasonable and adequate settlement of each Settlement Award Class Member's claim if the Lawsuit were to proceed to trial. The Settlement Payment takes into account that each Settlement Award Class Member worked over 40 hours during a workweek, and earned bonus compensation during the period September 1, 2014 through March 31, 2015. The Settlement also takes into account the present procedural posture of the Lawsuit, the Parties' claims and defenses, the risks and difficulties of continuing to litigate, and the risk that the Settlement Award Class Members may not prevail at trial at all or could recover significantly less than what Plaintiff or particular Settlement Class Members may claim or allege. The Parties agree that each Settlement Award Class Member should receive no more than his or her specific Settlement Payment calculated for that Settlement Award Class Member. The Parties further agree that any proceeds of the Settlement Amount that are not claimed by Settlement Class Members or paid to Settlement Class Counsel for any reason, including but not limited to because a Settlement Class Member opts out of the Settlement Agreement or fails to timely and properly return the Claim Form shall revert solely to Defendant.

### 5.7    Tender of Funds for Settlement Payments to Settlement Administrator.

The Parties agree that within twenty one (21) days of the Effective Date of this Settlement Agreement, Defendant will tender to the Settlement Administrator the amount needed to cover the Settlement Payments for those Settlement Class Members who have timely submitted a valid Claim Form and indicated they wish to join ("opt in") the settlement.  The Settlement Administrator will issue the Settlement Payment to each Settlement Award Class Member by sending checks via regular first class mail, , within ten (10) business days of receiving the funds referenced in this Section 5.7 from Defendant. Checks to Settlement Award Class Members who have timely submitted a valid Claim Form and indicated they wish to join the settlement shall remain negotiable for 90 days. The Settlement Administrator shall expressly state on the checks to Settlement Award Class Members that the checks are negotiable for 90 days. Settlement Award Class Members who do not cash their checks within 90 days of issuance will have their checks cancelled and shall have no right to further recovery. Checks shall be reissued if the Settlement Administrator receives such a request from a Settlement ward Class Member prior to the expiration of 90 days after issuance of the check. The Settlement Administrator shall promptly refund to Defendant any Settlement Payments remaining from checks that are not negotiated within 90 days of issuance.

EXHIBIT 3

## 6.   RELEASE OF CLAIMS

### 6.1   Release of Claims as to Those Settlement Class Members Who Opt-In to Settlement.

If a Settlement Class Member submits a valid and timely Claim Form, the Settlement Class Member has opted in to and consents to join the Settlement Class, will receive a portion of the Settlement Amount as designated in Section 5.2B, and will be bound by the following release of claims, which includes claims under the Fair Labor Standards Act (FLSA):

All Settlement Class Members who have not validly requested exclusion will be bound by the terms of the Settlement if it is approved and if the General Judgment dismissing the Action is entered.  If the Settlement is approved and as of the Effective Date (as defined in the Settlement Agreement), the Settlement Class Members, including the Plaintiff, and all those who claim through them or assert claims on their behalf (including the federal government or any state government) will unconditionally, and completely and forever, release Consumer Cellular, its past or present officers, owners, directors, shareholders, managers, agents, principals, heirs, representatives, accountants, attorneys, auditors, consultants, insurers and reinsurers, and its and their respective successors and predecessors in interest, parents, subsidiaries, and affiliates (the "Released Parties"), from the "Released Claims," which are defined as:

> all federal, Oregon State, and local claims, demands, rights, liabilities, and causes of action that might have been asserted, whether in law or equity, tort or contract for violation of any federal, Oregon State, or local wage and hour laws, rules and regulations, whether for economic damages, non-economic damages, restitution, penalties or liquidated damages, arising out of, relating to, or in connection with all claims asserted in this lawsuit, and all claims that might have been asserted against Consumer Cellular that it did not comply with any and all federal, Oregon State, or local wage and hour laws, rules and regulations, including claims that Defendant did not pay all the amounts due for work that was performed for Consumer Cellular, at any time on or before January 19, 2016, based on federal, Oregon State, or local wage and hour laws, regulations, and/or causes of action asserted in the Class Action, including but not limited to any and all claims for alleged failure to pay wages or overtime, and for failure to pay all wages when those wages were due, and liquidated damages and penalty wages and interest, and attorney fees and costs on all such wages, overtime or penalty wages.

The Settlement Class Members agree not to sue or otherwise make a claim against any of the Released Parties that is in any way related to the Released Claims.

In addition, Plaintiff has agreed and acknowledges that she has been fully paid for all hours worked by her and for all vacation, overtime, back pay, paid time off, and all other payments other than payments made pursuant to the Settlement Agreement, from Consumer Cellular or any related company and has expressly acknowledged that there are no amounts due and owing to her for any work performed for Consumer Cellular.

**6.2**   If an Oregon Settlement Class Member does not submit a valid and timely Claim Form, and does not exclude themselves from the Settlement Class, that Oregon Settlement Class

Member will receive a payment of $35.00 and will be bound by the following release of claims which does not include claims under the FLSA:

If the Settlement is approved and you are an Oregon class member who does not submit a valid and timely Claim Form and does not exclude yourself from the Settlement Class, you will receive a $35 payment and be bound by a release of claims and will unconditionally and completely and forever release Consumer Cellular, its past or present officers, owners, directors, shareholders, managers, agents, principals, heirs, representatives, accountants, attorneys, auditors, consultants, insurers and reinsurers, and its and their respective successors and predecessors in interest, parents, subsidiaries, and affiliates (the "Released Parties"), from the "Released Claims" which are defined as follows, (but which do not include claims under the FLSA, which are not waived or released):

all Oregon State and local claims, demands, rights, liabilities, and causes of action that might have been asserted, whether in law or equity, tort or contract for violation of any Oregon State or local wage and hour laws, rules and regulations, , whether for economic damages, non-economic damages, restitution, penalties or liquidated damages, arising out of, relating to, or in connection with all claims asserted in this lawsuit, and all claims that might have been asserted against Consumer Cellular that it did not comply with any and all Oregon State or local wage and hour laws, rules and regulations, including claims that Defendant did not pay all the amounts due for work that was performed for Consumer Cellular, at any time on or before January 19, 2016, based on Oregon State or local wage and hour laws, regulations, and/or causes of action asserted in the Class Action, including but not limited to any and all claims for alleged failure to pay wages or overtime, and for failure to pay all wages when those wages were due, and liquidated damages and penalty wages and interest, and attorney fees and costs on all such wages, overtime or penalty wages.

### 6.3 Covenant Not to Sue.

The Settlement Class Representative and Settlement Class Members who do not opt out in accordance with this Settlement Agreement shall be enjoined from prosecuting any legal proceeding against Defendant with respect to the claims encompassed by the Lawsuit and released pursuant to this Settlement Agreement. The Court shall retain jurisdiction to enforce the judgment, releases, and bar to suits contemplated by this Settlement Agreement. The Settlement Agreement may be pleaded and will operate as a complete defense to any action or claim commenced that is released by this section.

### 6.4    No Prior Assignments or Undisclosed Liens.

**6.4.1**    The Settlement Class Representative represents and warrants that she has not assigned, transferred, conveyed, or otherwise disposed of, or purported to assign, transfer, convey, or otherwise dispose of, any Released Claims. Settlement Class Counsel further represent and warrant that they are not aware of any liens or claims against any of the amounts being paid by Defendant as provided in this Settlement Agreement.

EXHIBIT 3

6.4.2    The Settlement Class Representative warrants and represents that she has asserted no claim in the Lawsuit except those that she owns, that she can provide complete resolution of the Released Claims, and that no part of the Released Claims will remain viable after entry of the General Judgment of Dismissal with Prejudice and dismissal of the Lawsuit.

6.4.3    The Settlement Class Representative agrees to defend, indemnify, and hold Defendant harmless from any and all liens or claims against any of the amounts being paid to Settlement Class Counsel and the Settlement Class Representative and from any liability, losses, claims, damages, costs, or expenses, including reasonable attorney fees, arising out of a breach of the representations and warranties contained in section 6.4.

## 7.    NON-ADMISSION OF LIABILITY

The Parties agree that this Settlement Agreement is entered into solely to resolve disputed claims, and that nothing herein is to be construed or interpreted as an admission by any Party of any wrongdoing, either in violation of an applicable law or otherwise.

## 8.    COSTS OF SETTLEMENT ADMINISTRATOR

Defendant agrees to pay to the Settlement Administrator the amount of Twenty-Four Thousand Dollars ($24,000) for costs of settlement administration.  This payment fully satisfies Defendant's responsibility for the cost of settlement administration in this matter. Settlement administration costs borne by the Settlement Administrator in administering this Settlement Agreement, including but not limited to the costs of mailing the Notice and Claim Form and administering the Settlement Payments, are to be invoiced to and paid by Defendant up to $24,000. Any amount of costs incurred by Settlement Administrator over $24,000 will be paid by Settlement Class Counsel.

## 9.    MISCELLANEOUS

### 9.1    Cooperation Between the Parties; Further Acts.

The Parties shall cooperate fully with each other and shall use their best efforts to obtain the Court's approval of this Settlement Agreement and all of its terms. Each of the Parties, upon the request of any other Party, agrees to perform such further acts and to execute and deliver such other documents as are reasonably necessary to carry out the provisions of this Settlement Agreement.

### 9.2    Statements to the Media; Confidentiality.

Settlement Class Counsel and the Settlement Class Representative agree to respond to any press or media inquiries by referring the inquiring party to the Court's record in this matter. Settlement Class Counsel and the Settlement Class Representative further agree that they will not, directly or indirectly, on their own or through a third party, make or publish any statements that disclose or communicate the amount of the Settlement Amount (including the individual allocations thereof).

EXHIBIT 3

### 9.3    Documents and Discovery.

Within one hundred and twenty (120) days after the Effective Date, Settlement Class Counsel shall return to Defendant's Counsel all documents and data produced by Defendant in connection with the Lawsuit, or destroy said documents and data. Settlement Class Counsel shall certify to Defendant their compliance with this provision. Settlement Class Counsel shall be entitled to keep a copy of all pleadings, and any other materials required to be maintained by any insurance carrier and/or that may be appropriate to retain in the event that any subsequent litigation or claims arise out of or in connection with the prosecution of the Lawsuit for a period often (10) years after the General Judgment of Dismissal with Prejudice is entered herein, after which such documents and data will be destroyed.

### 9.4    Privacy of Information.

Settlement Class Counsel and Plaintiff agree that none of the documents and information provided to them by Defendant for mediation purposes and for purpose of this Settlement, including but not limited to the class list provided to Settlement Class Counsel by Defendant, and the time records for some Settlement Class Members shall be used for any purpose other than settlement of this Action.

### 9.5    Entire Agreement.

This Settlement Agreement constitutes the entire agreement between the Parties with regard to the subject matter contained herein, and all prior and contemporaneous negotiations and understandings between the Parties shall be deemed merged into this Settlement Agreement.

### 9.6    Binding Effect.

This Settlement Agreement shall be binding upon the Parties and, with respect to the Settlement Class Representative and Settlement Class Members, their spouses, children, representatives, agents, heirs, administrators, executors, beneficiaries, conservators, trustees, attorneys and assigns.

### 9.7    Arm's-Length Transaction; Materiality of Terms.

The Parties have negotiated all the terms and conditions of this Settlement Agreement at arm's length. All terms and conditions of this Settlement Agreement in the exact form set forth in this Settlement Agreement are material to this Settlement Agreement and have been relied upon by the Parties entering into this Settlement Agreement.

### 9.8    Captions.

The captions or headings of the sections and paragraphs of this Settlement Agreement have been inserted for convenience of reference only and shall have no effect upon the construction or interpretation of any part of this Settlement Agreement.

### 9.9    Construction.

The determination of the terms and conditions of this Settlement Agreement has been by mutual agreement of the Parties. Each Party participated jointly in the drafting of this Settlement Agreement, and therefore the terms and conditions of this Settlement Agreement are not intended to be, and shall not be, construed against any Party by virtue of draftsmanship.

### 9.10    Continuing Jurisdiction.

The Court shall retain jurisdiction over the implementation of this Settlement Agreement as well as any and all matters arising out of, or related to, the implementation of this Settlement Agreement and of the settlement contemplated thereby.

### 9.11    Waivers, Modifications and Amendments.

No waiver, modification or amendment of the terms of this Settlement Agreement, whether purportedly made before or after the Court's approval of this Settlement Agreement, shall be valid or binding unless in writing, signed by or on behalf of all Parties, and then only to the extent set forth in such written waiver, modification or amendment, subject to any required Court approval. Any failure by any Party to insist upon the strict performance by the other Party of any of the provisions of this Settlement Agreement shall not be deemed a waiver of future performance of the same provisions or of any of the other provisions of this Settlement Agreement, and such Party, notwithstanding such failure, shall have the right thereafter to insist upon the specific performance of any and all of the provisions of this Settlement Agreement.

### 9.12    No Attempt by Parties to Object.

The Settlement Class Representative, Settlement Class Counsel, Defendant, and Defendant's Counsel each represent and warrant that they have not attempted, nor will they attempt, (i) to void this Settlement Agreement in any way, other than as allowed by the provisions set forth herein; or (ii) to solicit or encourage in any fashion in any effort by any entity or person (natural or legal) to object to the settlement set forth in this Settlement Agreement.

### 9.13    Best Efforts.

The Parties agree that the terms of the Settlement Agreement reflect a good-faith settlement of disputed claims. Settlement Class Counsel, the Settlement Class Representative, Defendant, and Defendant's Counsel consider the settlement effected by this Settlement Agreement to be fair and reasonable and will use their best efforts to seek approval of the Settlement Agreement by the Court, including responding to any objectors, intervenors, or other persons seeking to preclude the final approval of this Settlement Agreement.

### 9.14    Time Periods.

The time periods and dates provided in this Settlement Agreement with respect to giving of Notices and hearings are subject to Court approval and modification by the Court or by written stipulation of Settlement Class Counsel and Defendant's Counsel.

### 9.15    Counterparts.

The Parties may execute this Settlement Agreement in counterparts, and execution in counterparts shall have the same force and effect as if the Parties had signed the same instrument.

### 9.16    Facsimile or Electronic Pages.

Any Party may execute this Settlement Agreement by causing its counsel to sign on the designated signature block below and transmitting that signature page via facsimile or e-mail to counsel for the other Party. Any signature made and transmitted by facsimile or e-mail for the purpose of executing this Settlement Agreement shall be deemed an original signature for purposes of this Settlement Agreement and shall be binding upon the Party whose counsel transmits the signature page by facsimile or e-mail.

FOR CONSUMER CELLULAR INCORPORATED

By: _____       Date: _____

    Name: _____

    Title: _____

DEFENSE COUNSEL, on behalf of Defendant

By: _____       Date: _____

    Francis T. Barnwell

    Kathryn M. Hindman

    Bullard Law

SETTLEMENT CLASS REPRESENTATIVE:

By: _____       Date: _____

    Shawna Bell

SETTLEMENT CLASS COUNSEL for SETTLEMENT CLASS REPRESENTATIVE AND SETTLEMENT CLASS MEMBERS:

By: _____       Date: _____

    Alan J. Leiman

    Drew G. Johnson

    Leiman & Johnson, LLC