Alan J. Leiman (OSB No. 98074)
alan@leimanlaw.com
Drew G. Johnson (OSB No. 114289)
drew@leimanlaw.com
LEIMAN & JOHNSON, LLC
44 W. Broadway, Suite 326
Eugene, OR 97401

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| **SHAWNA BELL,** individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**CONSUMER CELLULAR INCORPORATED,** an Oregon domestic business corporation,<br><br>Defendant. | **CASE NO.:** 3:15-cv-00941-SI |

## DECLARATION OF ALAN J. LEIMAN

I, Alan J. Leiman, declare and testify as follows:

1. I make this Declaration on my own personal knowledge. If called upon to testify I could and would testify competently of the matters stated herein.

2. I am a founding member of Leiman & Johnson, LLC located in Eugene, Oregon. I am a member in good standing of the Oregon State Bar association, and I respectfully submit this declaration in support of Plaintiff's Motion for Attorneys' Fees, Costs, and Incentive Payment.

1 – DECLARATION OF ALAN J. LEIMAN
   CASE NO. 3:15-CV-00941-SI

3. I obtained a Bachelor of Arts degree from Wesleyan University in 1985, and a Doctor of Jurisprudence degree from the University of Miami in 1992.

4. My practice has generally focused on litigation. I have experience litigating complex civil cases, criminal cases, and for the last 15 years I have served as a part-time Municipal Court Judge. For the last five years, my practice has been primarily focused on prosecuting wage and hour cases, both individual and class actions.

5. My law partner, Drew G. Johnson obtained a Bachelor of Science degree in Civil Engineering from the University of Utah in 1994, and a Doctor of Jurisprudence degree and Masters degree in Conflict and Dispute Resolution from the University of Oregon in 2009. Prior to becoming an attorney, Mr. Johnson worked for 15 years as a civil engineer and technical management consultant. His prior professional experience has proven particularly useful to our practice in evaluating and analyzing wage claims and payroll data.

6. For part of the time we were prosecuting this action, Leiman & Johnson, LLC employed an Associate Attorney, Stacy A. McKerlie. Ms. McKerlie obtained a Bachelor of Arts degree from Arizona State University in 2010, and a Doctor of Jurisprudence degree in 2013 from Arizona Summit Law School. Ms. McKerlie left the firm in 2016 to go to work for the Oregon Bureau of Labor and Industries in the wage and hour division.

7. The fee agreement between Plaintiff and her counsel specifies a 33% contingency fee in this case. Prior to the conclusion of the day-long settlement mediation, and prior to addressing the issue of Defendant's payment of attorney fees, Mr.

Johnson and I voluntarily reduced our agreement with Plaintiff from a 33% contingency ($300,000) to the requested 27.8% ($250,000). The $50,000 difference was then added to the gross settlement amount available to pay class members' claims.

8. Attached as Exhibit 3 to this Declaration is a record of Plaintiff's Counsel's billing record for this contingent fee matter. The billing record is computed based on the following hourly rates: Alan J. Leiman - $325/hour; Drew G. Johnson - $275/hour; and Stacy A. McKerlie - $175/hour. At this time, our firm's current billing total at the specified hourly rates is $85,265.00, including the 50 additional hours for the work that remains on the case, including continued settlement administration, drafting the final approval motion, attending the Fairness Hearing an attending to post-approval and file closing activities.

9. In this case, Plaintiff's Counsel conducted a thorough pre-filing investigation that included review of Defendant's personnel policies, compensation policies and bonus plans, and Plaintiff's payroll data. Plaintiff's Counsel prepared and filed a detailed hybrid FLSA and Rule 23 Complaint for the two-state FLSA putative class. Plaintiff's Counsel negotiated a Tolling Agreement and then spent over four months obtaining data from Defendant and analyzing it to confirm that the regular rate computational error was limited in duration and scope as represented by Defendant. Plaintiff's Counsel spent time preparing for the mediation and drafting a detailed mediation statement, and then spent over four months following the mediation negotiating the original settlement that was submitted to the Court and drafting the moving papers that accompanied it.

10. Attached as Exhibit 4 to this Declaration is the settlement administration statement from JND Class Action Administration reflecting their agreement to perform the administrator function for a guaranteed price of $24,000.

11. Plaintiff provided important assistance to her counsel throughout the prosecution of this action. Prior to filing, she provided personnel and bonus policies and her personal pay data. She was responsive to her counsel's questions. Plaintiff traveled a considerable distance at her own expense to attend the day-long mediation in Portland. At the mediation Plaintiff advocated for the collective and she did not appear to be trying to advance her personal interests over those of the class.

12. In August of 2012, my law partner, Drew G. Johnson, and I formed the law firm of Leiman & Johnson, LLC. We have been in continuous practice since that time, focusing on wage and hour class and collective action litigation.

**I hereby declare, pursuant to 28 U.S.C. 1746, and under penalty of perjury that the foregoing is true and correct**

DATED: January 20, 2017

/s Alan J. Leiman
Alan J. Leiman

4  – DECLARATION OF ALAN J. LEIMAN
    CASE NO. 3:15-CV-00941-SI